Filed 7/8/21  P. v. Snow CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>OSCAR LEE SNOW,<br><br>        Defendant and Appellant. | E075472<br><br>(Super.Ct.Nos. RIF1900166 & RIF1501761)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed and Gail A. O'Rane, Judges.  Affirmed and remanded with directions.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Oscar Lee Snow pled guilty to theft, embezzlement, forgery or fraud from an elder, and admitted an enhancement allegation. The court sentenced him to four years in prison and stayed the sentence for the enhancement. The court did not orally impose assessments, but the abstract of judgment and sentencing minute order show two assessments totaling $70.

On appeal, Snow asserts two errors. He argues the enhancement must be stricken because there is no factual basis for it. He also argues the abstract of judgment must be corrected to strike the assessments. The People agree the enhancement should be stricken but argue the case should be remanded to allow the court to orally impose the mandatory assessments. We modify the judgment and remand for resentencing to allow the court to determine whether Snow has the ability to pay the assessments, and if so to impose them.

## I. FACTS

On February 7, 2020, Snow pled guilty to theft, embezzlement, forgery or fraud from an elder. (Pen. Code, § 368, subd. (d)(1), unlabeled statutory citations refer to this code.) He also admitted the enhancement allegation that he committed two or more related felonies which shared a material element of fraud or embezzlement. (§ 186.11, subd. (a)(1).) The court sentenced him to four years in state prison for the underlying offense and stayed the sentence on the enhancement. The court imposed certain fines, including a restitution fine and direct victim restitution, but didn't orally impose assessments under Penal Code section 1465.8 or Government Code section 70373.

Nevertheless, these assessments, totaling $70, do appear on the abstract of judgment and in the sentencing minute order.

Snow timely appealed the judgment.

## II. ANALYSIS

Snow argues the enhancement must be stricken because he didn't actually commit two felonies, let alone two related felonies. The People agree. He also argues we must strike the assessments from the abstract of judgment because the court did not orally pronounce them. The People agree the court didn't orally impose the assessments but argue they're mandatory, and therefore we should remand to allow the court to impose them.

### A. The Enhancement

Section 186.11, subdivision (a)(1), states, "[a]ny person who commits two or more related felonies, a material element of which is fraud or embezzlement, which involve a pattern of related felony conduct, and the pattern of related felony conduct involves the taking of, or results in the loss by another person or entity of, more than one hundred thousand dollars ($100,000), shall be punished, upon conviction of two or more felonies in a single criminal proceeding." The statutory language is clear: for the enhancement to be authorized, the defendant must have been convicted of more than one felony in a single proceeding.

Here, Snow was convicted of only one felony. Therefore, there is no factual basis for his plea admitting he committed more than one felony, and no legal basis to impose

3

the enhancement under section 186.11. In such a situation, the appropriate remedy is to strike the enhancement. (See, e.g. *People v. Nilsson* (2015) 242 Cal.App.4th 1, 34 [finding prosecution didn't plead and prove a necessary element of the 186.11 enhancement, and therefore striking it].)

Striking the invalid enhancement doesn't alter the aggregate term the parties agreed to and the court imposed. Therefore, we strike the enhancement.

B.      The Assessments

Penal Code section 1465.8, subdivision (a)(1), provides that "an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense." Similarly, Government Code section 70373, subdivision (a)(1), provides that "an assessment shall be imposed on every conviction for a criminal offense. . . . The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony." These assessments are mandatory, but a trial judge must "conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373." (*People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164.)

It is undisputed the trial court didn't orally impose these assessments during sentencing. It also didn't hold an ability to pay hearing. Nevertheless, the abstract of judgment and minute order shows the court did impose these assessments.

4

"In a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Accordingly, we agree with the parties that the abstract of judgment and sentencing minute order are erroneous.

The only area of disagreement between the parties is how to correct the error. Snow requests we strike the imposed assessments using our inherent power to correct clerical errors and unauthorized sentences. The People request we remand to the trial court to allow it to impose the assessments after determining whether he has the ability to pay them.

The Peoples' approach is correct. The assessments at issue are mandatory; the only way a court can avoid imposing them is to find the defendant doesn't have the ability to pay them. For this reason, we cannot simply strike the assessments as a clerical error. Absent a finding of inability to pay, the trial court didn't have the discretion to avoid imposing these assessments. Thus, correcting the minute order and abstract of judgment would be affirming an erroneous sentencing decision. Nor can we utilize our inherent power to correct an unauthorized sentence (see *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1198) in order to impose the assessments, as that wouldn't give Snow an opportunity to dispute whether he is able to pay them.

This is also why Snow's argument that the People waived their right to challenge this error is unpersuasive. He cites *People v. Tillman* (2000) 22 Cal.4th 300 (*Tillman*) to support this argument. However, *Tillman* concerned a trial court's failure to impose restitution fines, not assessments. Unlike the assessments at issue here, which are mandatory, a trial court may decline to impose otherwise mandatory restitution fines if "it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subds. (b) & (c).) *Tillman* concerned the proper remedy for when a trial court declines to impose a restitution fine and fails to state its reasons on the record. The court concluded the prosecutor must object to the court's failure to state its reasons or else forfeit the right to challenge the decision because " '[a]lthough the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Tillman*, at p. 303, italics omitted.)

*Tillman* is distinguishable from the facts here because here the court was statutorily required to impose the assessments. The only way it could decline to impose the assessments was by finding Snow didn't have the ability to pay them. This requires a factual finding and is therefore not a pure exercise of discretion. Absent such an affirmative finding, the sentence is unauthorized.

Accordingly, we conclude the appropriate remedy is to remand to the sentencing court so that it can determine whether Snow has the ability to pay the $70 in assessments—and impose them if it finds he can.

### III.  DISPOSITION

We modify defendant's sentence to strike the Penal Code section 186.11, subdivision (a)(1) enhancement. We remand for resentencing for the limited purpose of determining whether Snow has the ability to pay the mandatory assessments under Penal Code section 1465.8 and Government Code 70373, and to impose them if the court finds he does have the ability to pay them. In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:


RAMIREZ
P. J.


MILLER
J.